# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Moses Gai Geng,** Petitioner -vs- **Michael Chertoff, et al.,** Respondent(s) | CV-07-0870-PHX-EHC (JI) **REPORT & RECOMMENDATION** On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Detention Center, Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241on April 27, 2007 (#1) challenging his continued detention pending removal.

The undersigned finds that Petitioner's Petition is now ripe for dismissal for failure to prosecute. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On June 25, 2007, Respondents filed their Response and Suggestion of Mootness (#17), relating that Petitioner had been granted release from custody on bond. On June 28, 20007, the Court ordered (#8) Petitioner to show cause why his Petitioner should not be dismissed as moot in light of the issuance of a Notice by the Immigration and Customs Enforcement agency, authorizing his release from detention on bond. On July 27, 2007, Petitioner responded (#10) indicating that his Petition continued to set forth a justiciable

1  controversy in light of his inability to post the required bond.

2      Subsequently, on December 3, 2007, Respondents filed a notice of Suggestion of
3  Mootness (#16), relating that Petitioner had been released from custody.  On December 7,
4  2007, Respondents filed (#17) a copy of the Order of Supervision, reflecting Petitioner's
5  release on August 21, 2007.

6      Despite his apparent relocation, Petitioner did not file a notice of change of address,
7  as previously ordered, telling the Court of his new address. (*See* Notice of Assignment, #2;
8  Order 6/1/07, #3 at 2.) Accordingly, on December 19, 2007, the undersigned issued an Order
9  (#18) giving Petitioner ten days to either: (1) file a notice of change of address; or (2) show
10 cause why his Petition should not be dismissed for failure to prosecute in light of his failure
11 to file a Notice of Change of Address as previously ordered.  That Order further gave
12 Petitioner ten days to show cause why his Petition should not be dismissed as moot in light
13 of his apparent release from custody.  Copies of that order were mailed to Petitioner at his
14 address of record and the non-custodial address reflected on his Order of Supervision, but
15 both were returned undeliverable (#19 & 20).

16     Upon review, the undersigned noted a more complete address for Petitioner, and thus
17 on January 11, 2008, reissued the order to show cause (#21) to Petitioner, and directed
18 mailing to the address of record and the non-custodial address.  Copies of that order were
19 mailed to Petitioner at his address of record and the revised non-custodial address.  Only the
20 copy forwarded to the address of record was returned undeliverable (#22).

21     Petitioner has not responded.

22

23                   **III. APPLICATION OF LAW TO FACTS**

24 **A. MOOTNESS OF HABEAS PETITION**

25     "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court
26 jurisdiction, to 'Cases' and 'Controversies.'"  *U.S. Parole Commission v. Geraghty,*  445
27 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the
28 federal courts to cases where there is a possible judicial resolution. *Id*.  A moot action is not

subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. However, although that detention has terminated, Petitioner remains subject to conditions of supervision. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra.* Moreover, Petitioner has not yet been heard from on whether the matter has been rendered moot by his release on bond.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

## B. FAILURE TO PROSECUTE

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to

1 do so or providing an adversary hearing before acting. Whether such an order can stand on 2 appeal depends not on power but on whether it was within the permissible range of the 3 court's discretion." *Id.* at 633.

4       In determining whether an abuse of discretion has occurred, a number of factors are 5 relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the 6 danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and 7 the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune* 8 *Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

9       Despite having twice been given specific notice of his obligation to file a notice of 10 change of address, and an order specifically directing him to do so, Petitioner has failed to 11 keep his current address on file with the Court.

12       It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his 13 or her current address and to comply with the Court's orders in a timely fashion.  This Court 14 does not have an affirmative obligation to locate Petitioner.  "A party, not the district court, 15 bears the burden of keeping the court apprised of any changes in his mailing address." *Carey* 16 *v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Petitioner's failure to keep the Court informed 17 of his new address constitutes failure to prosecute.

18       Petitioner has failed to prosecute this action, and dismissal is therefore within the 19 discretion of the Court. *Link v. Wabash R. Co., supra.*  In the instant case, Petitioner appears 20 to have abandoned this action upon his release from custody.  Petitioner has had over five 21 months since his release to file a notice of change of address.  Further delay to the Court and 22 to Respondent is not warranted.  Also, Petitioner has received adequate warning of the 23 potential of such action, and in light of Petitioner's refusal to respond to the Court, less 24 onerous sanctions will be ineffective.

25

### IV.  RECOMMENDATION AND ORDER

27 **IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of 28 Habeas Corpus (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: February 11, 2008

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\07-0870-r RR 08 01 04 re HC Moot Dismiss FTP NCA.wpd